SABERS, Justice
(concurring in part and dissenting in part).
[¶ 25.] I concur in Issue 2. I dissent in Issue 1 because the trial court incorrectly denied Lowe’s alimony modification request. While the trial court may have expected Lowe’s income would decrease at this rate, it does not follow that the alimony should not be modified. Contrary to the trial court’s conclusions of law, the combination of the decrease in Lowe’s net worth, the increase in Schwartz’s retirement pay, and the increase in Schwartz’s income do justify an alteration in the prior alimony award. Findings of Fact and Conclusions of Law 17, Lowe v. Schwartz, No. 03-81 (Walworth County). In this case, Lowe has demonstrated a change in circumstances and the initial alimony award should be modified. The trial court abused its discretion when it denied the modification.
*71 [¶ 26.] The majority opinion claims that simply because the trial court expected Lowe’s net worth would decline means the alimony may not be modified because there is no change in circumstances. However, Lowe need not show a substantial change of circumstances in order to justify modification. Saxvik, 1996 SD 18, ¶ 9, 544 N.W.2d at 179. She need only demonstrate a change in circumstances sufficient to warrant modification. Id. She has. Lowe met this burden and the trial court abused its discretion when it failed to modify her alimony payments.
[¶27.] When the divorce decree was issued, Lowe had a net worth of $80,000. Her monthly income, including alimony payment, was $399, while Schwartz’s monthly income was $3,559 to $3,859. She has presented evidence that her net worth is now only $6,000, while Schwartz’s income has increased to $4,792. According to Lowe, Schwartz’s average earned and retirement income exceeds Lowe’s by seventeen times. Yet, the trial court refused to modify alimony because it had expected and estimated Lowe’s income would decline at such a rate. Lowe is now destitute with health problems while her ex-husband lives comfortably. The circumstances demand a modification of at least $500.00 per month.
[¶ 28.] Alimony is awarded after the court considers the circumstances of the parties, paying particular attention to certain factors. Fausch v. Fausch, 2005 SD 63, ¶ 17, 697 N.W.2d 748, 755. These factors are (1) length of marriage; (2) parties’ respective earning capacities; (3) the parties’ respective financial condition after the property division; (4) the parties’ respective age, health and physical condition; (5) the parties’ station in life or social standing; and (6) the relative fault of the parties in the termination of the marriage. Id. Here, just because the trial court expected her net worth would decrease, it ignored these factors when awarding alimony, especially factors 2, 3, 4, and 5. Lowe earns substantially less money than Schwartz, is in poor health while Schwartz is healthy and continues to earn money, and Lowe is basically destitute while Schwartz has seventeen times her income.
[¶ 29.] The trial court abused its discretion when it failed to modify Lowe’s alimony. Even if it expected Lowe’s net worth would decline, it cannot remove and insulate its decision concerning modification of alimony from appellate review. Even though the trial court expected the rate at which Lowe’s assets would decline, the current financial state and change in circumstances indicate modification of alimony is warranted. We should reverse and remand Issue 1 for a fair adjustment.
[¶ 30.] KONENKAMP, Justice, joins this special writing.